[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 574.]

THE LONG BEACH ASSOCIATION, INC., APPELLEE, *v.* JONES ET AL., APPELLANTS; PRYKA ET AL., APPELLEES.

[Cite as *Long Beach Assn., Inc. v. Jones*, 1998-Ohio-186.]

*Real property—Construction of 1927 plat agreement.*

(No. 97-714—Submitted April 22, 1998 at the Seneca County Session—Decided August 12, 1998.)

APPEAL from the Court of Appeals for Ottawa County, No. OT-96-032.

_____

{¶ 1} Long Beach is a community located on the southern shore of Lake Erie in Ottawa County. It consists of three subdivision blocks designated A, B, and C, divided into residential lots. Block B includes a constructed lagoon with a private lane around its perimeter providing boating access to Lake Erie.

{¶ 2} In 1923, a plat for the subdivision of Long Beach was submitted by the Long Beach Company and was recorded with the Ottawa County Recorder. This plat included blocks A, B, and C; however, only A and C were subdivided into lots, including one hundred ninety-three lots in Block A and one hundred five lots in Block C. The 1923 plat contained no indication of or reference to the lagoon or private road. Block B, situated between Blocks A and C, was not divided into lots until a separate plat was submitted to the county recorder in 1927.

{¶ 3} The 1927 plat, entitled "Long Beach Subdivision of Block B," included one hundred one single-family residential lots. It included a statement that Lot E, which includes the lagoon, and the private lane "are for the use of lot owners within the subdivision." The platters in the 1927 plat were different from those of the 1923 plat, but both sets included officers of the Long Beach Company.

{¶ 4} The Long Beach Company discontinued business at an unidentified date, and the Long Beach Association was organized in 1939. The association is

open to membership for residents of Blocks A, B, and C. The association is and has been involved in the maintenance and regulation of the lagoon area, including control of the dockings and the leasing of docks to residents of Blocks A and C. Over the years, the association has made various improvements to the docks and dock area.

{¶ 5} Appellants Stanley K. and Joan Jones purchased Lot 87 in Block B in 1978, and appellants Ralph and Delores Schade purchased Lot 88 in Block B in 1954. Appellants were members of the association until the association filed suit to quiet title to the lagoon and private lane and for trespass against the Joneses for using more than one docking space for a period of years in contravention of association regulations.

{¶ 6} The Joneses counterclaimed and the Schades made a third-party claim against the association, claiming trespass, conversion, unjust enrichment, and intentional infliction of emotional distress. Appellants contend that they installed steel piling along the shoreline, within their lot lines, for their own personal use, but the association is leasing docks to persons from Blocks A and C. The association responded by offering evidence that its improvements were made for the benefit of all members.

{¶ 7} The trial court, on cross-motions for summary judgment, dismissed the counterclaim and third-party claim. It determined that there was no evidence supporting the claim of intentional infliction of emotional distress. The trial court dismissed the trespass claim because it determined that the association's interest was of a sufficient extent that appellants could not exclude the association from use of the private lane and lagoon. Finally, the court dismissed the remaining claims, finding that the 1927 plat agreement was unambiguous and that no evidence in the plat dedication, attached affidavits, or recorded restrictions supported the appellants' contention that the lagoon was for the exclusive use of the residents of Block B.

{¶ 8} Upon appeal, the court of appeals held that the trial court erred in dismissing the counterclaims of trespass, conversion, and unjust enrichment, and affirmed summary judgment on the claim of intentional infliction of emotional distress. Additionally, the court of appeals held that the trial court erred in its interpretation of the 1927 plat and found the language in the two plats sufficiently ambiguous on the question of whether the members of Blocks A and C were intended to have access to the docks to preclude summary judgment.

{¶ 9} Despite the ruling of the court of appeals in their favor, the appellants appealed to this court on the issue of whether the 1927 plat clearly and unambiguously dedicated use of the lagoon and private lane to residents of Block B only.

{¶ 10} The cause is before the court pursuant to the allowance of a discretionary appeal.

_____

*Pheils & Wisniewski and David R. Pheils, Jr.,* for appellants.

*McKean & McKean and Alan R. McKean; Fuller & Henry, P.L.L., Martin D. Carrigan* and *Lisa A. Lay,* for appellee Long Beach Association, Inc.

*Meister, Ayers & Meister* and *Mark Metusalem*, for appellees Ray Pryka et al.

_____

**MOYER, C.J.**

{¶ 11} The question presented for resolution is whether the wording in the 1927 plat of Block B is ambiguous or clear, and if clear, whether the plat limits use of the lagoon to residents of Block B or allows use to residents of Blocks A, B, and C of the Long Beach subdivision.

{¶ 12} Our analysis causes us to conclude that the wording in the plat is clear in stating that all residents of the Long Beach subdivision have use of the lagoon, which includes the residents of Blocks A, B, and C. Accordingly, we

reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

{¶ 13} The construction of written contracts and instruments, including deeds, is a matter of law. *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc*. (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 449, 474 N.E.2d 271, 272. Questions of law are reviewed *de novo*. *Ohio Bell Tel. Co. v. Pub. Util. Comm*. (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286, 287.

{¶ 14} The plat that is the subject of this dispute reads:

"Long Beach Subdivision of Block B of which this is a correct plat is laid out on and consists of Block B in Long Beach in Carroll Township, Ottawa County, Ohio recorded in Vol. ____ Page ____ of Plats of Ottawa County Record of Plats. Said Block B being located between Blocks A and C, Long Beach whose south line is 6613 North of centerline of Long Beach Road (as called) and whose north line is shore of Lake Erie. Stakes are set at all lot corners. Iron pipe set at points marked thus -o- Stone monuments at points marked thus -x. Lots are numbered from 1-103 both inclusive and Lots A-B-C-D-E and F, G, and H. * * *

"We the undersigned owners of the above described premises adopt this subdivision into lots and dedicate to public use the way hereon delineated. Lot G is hereby dedicated to public use as soon as land adjoining on the South dedicated 20 ft. adjoining Robinwood Drive for street purposes. No part of private lane is dedicated to public. Said private lane Lots C-D and E are for the use of lot owners within the sub-division."

"Where terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *Alexander v. Buckeye Pipe Line Co*. (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150; *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus.

**{¶ 15}** Applying those well-established principles here, if the intent of the drafters was to delineate an entirely new subdivision, they easily could have done so by eliminating any reference to its being a part of the general subdivision. The plat language clearly states that Block B is located "between Blocks A and C, Long Beach." The common meaning of this language can only suggest that Block B is a part of the general subdivision established in 1923. Nothing supports the contention of the appellants that Block B is somehow a separate subdivision from the Long Beach subdivision established in 1923, and that therefore the use of the lagoon is exclusive to the residents of Block B. We find no words in the plat that indicate an intent to remove Block B from the subdivision of Long Beach and designate an entirely separate subdivision. Thus, the proper conclusion is that Block B is included in the Long Beach subdivision.

**{¶ 16}** Accordingly, we hold that the court of appeals erred in determining that the trial court made a factual determination concerning the plat language, since the interpretation of the unambiguous language was correctly a matter of law subject to determination by the trial court.

**{¶ 17}** The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————