OPINION
{¶ 1} Plaintiff-Appellant, Mansfield Ambulance, Incorporated ("Mansfield Ambulance"), appeals from a judgment of the Crawford County Court of Common Pleas, granting summary judgment to Defendants-Appellees, the city of Galion and the city of Galion Fire Department, (hereinafter collectively referred to as "Galion"). Mansfield Ambulance maintains that inter-facility patient transports are within the definition of "emergency medical services" contained in its contract with Galion. Therefore, Mansfield Ambulance claims that Galion breached the exclusivity clause in the contract when the Galion Fire Department began providing inter-facility patient transports for the Galion Community Hospital.
 {¶ 2} After reviewing the entire record, we find that a material issue of fact remains concerning whether the inter-facility patient transports provided by Galion qualified as emergency medical services under the contract. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
 {¶ 3} On January 1, 2000, Mansfield Ambulance and Galion entered into an "Emergency Medical and Ambulance Services Contract." The contract was set to run through January 1, 2003 and contained an exclusivity clause, which provided that Mansfield Ambulance was to be the sole provider of emergency medical services for the City of Galion, Ohio during the duration of the contract.
 {¶ 4} During the fall of 2001, Galion authorized the purchase of two ambulances and began to hire qualified emergency medical technicians. On or around March 1, 2002, after receiving the ambulances and hiring several emergency medical technicians, Galion informed Galion Community Hospital that the Galion Fire Department was available to provide inter-facility transports for the Hospital's patients. Thereafter, the staff at the Galion Community Hospital directly called the Galion Fire Department and asked them to perform inter-facility patient transports. The Galion Fire Department continued to perform inter-facility patient transports through December 31, 2002.
 {¶ 5} As a result, Mansfield Ambulance initiated the present suit, claiming that the inter-facility patient transports were within the definition of emergency medical services as that phrase is defined by its contract with Galion. Thus, Mansfield Ambulance contended that Galion had violated the contract's exclusivity clause by providing such transports for the Galion Community Hospital.
 {¶ 6} In response, Galion filed a motion for summary judgment. Its motion was based on the premise that inter-facility patient transports were not emergency medical services under the contract. Galion also maintained that such transports were provided for Galion Community Hospital and that it had no control over who the hospital selected to provide the transports. Mansfield Ambulance opposed Galion's motion, and the motion went before the trial court. After considering all of the motions, memorandums, and evidence in the record, the trial court concluded that inter-facility patient transports were not included within the contractual definition of emergency medical services. The trial court also found that Galion did not have any control over who the Galion Community Hospital asked to provide the transports. Accordingly, the trial court granted Galion summary judgment. It is from this judgment that Mansfield Ambulance appeals, presenting two assignments of error for our review.
 Assignment of Error I The trial court erred in granting summary judgment to Appellees by notconsidering the contract's definition of "Emergency Medical Service"which includes inter-facility transports, and which thereby grantsAppellant Mansfield Ambulance, Inc. the exclusive right to provideinter-facility transports on behalf of the Appellee City of Galion
 Assignment of Error II The trial court erred in granting summary judgment to Appellees by notfinding that the City of Galion breached its contract with Appellant whenthe Galion Fire Department conducted inter-facility patient transportsprincipally from the Galion Community Hospital to other locations duringthe term of the contract because the Appellant had an exclusive agreementwith Appellee to provide emergency medical service on behalf ofAppellee.
 {¶ 7} Because both assignments of error challenge the trial court's decision with respect to summary judgment, we will utilize the following standard of review throughout this opinion.
 Standard of Review {¶ 8} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596,2002-Ohio-3932, at ¶ 25, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. Of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) that there is no genuine issue as to any material fact; (2) that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Horton v. Harwick Chemical Corp.,73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. State ex rel. Burnes v. Athens City Clerkof Courts, 83 Ohio St.3d 523, 524, 1998-Ohio-3; see, also, Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 Assignment of Error I {¶ 10} In the first assignment of error, Mansfield Ambulance claims that the trial court erred by finding that inter-facility patient transports are not within the contractual definition of emergency medical services. Mansfield Ambulance argues that the trial court should have applied the definition of emergency medical services contained in R.C.4765.01(G).
 {¶ 11} Initially, we note that Galion Community Hospital is not a party to this appeal. Contrary to the assertion of both the trial court and Galion, Mansfield Ambulance does not claim that it had a right to provide all of the inter-facility patient transports originating from Galion Community Hospital. Rather, Mansfield Ambulance contends that inter-facility patient transports qualify as emergency medical services under its contract with Galion and that Mansfield Ambulance was to be the sole provider of emergency medical services for Galion. As such, Mansfield Ambulance maintains that any requests for inter-facility patient transports directed to Galion by Galion Community Hospital should have been redirected to Mansfield Ambulance.
 {¶ 12} The interpretation of a contract, including the determination as to whether the contract is ambiguous, is a matter of law subject to de novo review. Long Beach Assn., Inc. v. Jones, 82 Ohio St.3d 574, 576,1998-Ohio-186; Thomas v. American Elec. Power Co., Inc., 10th Dist. No. 03AP-1192., 2005-Ohio-1958, at ¶ 30; Audiovox Corp. v. Schindler, 2nd Dist. No. 20209, 2005-Ohio-2231, at ¶ 53, citing Inland Refuse TransferCo. v. Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321,322. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Kelly v. Med. LifeIns. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. Therefore, when the terms of the contract are unambiguous, a court must look no further than the four corners of the contract itself. Schreck v.Grange Ins. Co., 3d Dist. No. 3-04-32, 2005-Ohio-2054, at ¶ 12. However, where a contract contains ambiguities, a court may consider extrinsic evidence to ascertain the intent of the parties and the meaning of the contract's terms. Lewis v. Mathes, 4th Dist. No. 04CA13,2005-Ohio-1975, at ¶ 25, citing Graham v. Drydock Coal Co.,76 Ohio St.3d 311, 313, 1996-Ohio-393. Summary judgment is improper when an ambiguous contract is coupled with material issues of fact. InlandRefuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 323-24; Thomas at ¶ 30. "Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation." Lewis at ¶ 19, citing United States Fid. Guar. Co. v. St. Elizabeth Med. Ctr. (1998), 129 Ohio App.3d 45, 55.
 {¶ 13} The relevant portion of the exclusivity clause is as follows:
The parties agree that The Company [Mansfield Ambulance] will be thesole entity authorized to provide emergency medical services for the Cityof Galion, Ohio, for the duration of this Contract
The above language is clear and unambiguous. Mansfield Ambulance was to be the sole provider of emergency medical services for Galion from January 1, 2000 until December 31, 2003. Therefore, if inter-facility patient transports qualify as emergency medical services, then Galion violated this exclusivity provision by performing such transports during the duration of the contract. Thus, the issue for this Court to determine is whether the inter-facility patient transports provided by Galion fell within the contractual definition of emergency medical services.
 {¶ 14} The contract defines emergency medical services as:
[A]ny service as described in Chapter 4765 of the Ohio Revised Codethat are [sic] to be performed by EMT-B [Emergency Medical Technician —Basic], EMT-I [Emergency Medical Technician — Intermediate] and EMT-Ps[Emergency Medical Technician — Paramedic], including transport formedical services.
 {¶ 15} Mansfield Ambulance asserts that the above definition incorporates the definition of emergency medical services contained in R.C. 4675.01(G). Thus, Mansfield Ambulance claims that the statutory definition of an emergency medical services should be utilized by this Court. We disagree. If the parties had intended to include the statutory definition of an emergency medical service they could have done so. In fact, the contract does specifically state that the statutory definition for EMT-B, EMT-I, and EMT-P is also the contractual definition. The clear and unambiguous language used to define emergency medical services does not include such a specific reference to the statutory definition. Therefore, Mansfield Ambulance is incorrect in its assertion that we should incorporate by reference the statutory definition of an emergency medical service. This Court must determine whether inter-facility patient transports are emergency medical services by examining only the contractual definition.
 {¶ 16} The purpose of the inter-facility patient transports being performed by Galion was to transport patients to facilities for medical services that Galion Community Hospital could not provide. Accordingly, such transports fall within the general phrase "including transport for medical services," which appears at the end of the contractual definition of emergency medical services. However, the unambiguous language of the contract includes such transports within the definition of emergency medical services only if the transports involve activities described in R.C. 4765 as being performed by an EMT-B, EMT-I, or EMT-P.
 {¶ 17} R.C. 4765.37, 4765.38, and 4765.39 describe the mandatory duties and discretionary functions of an EMT-B, EMT-I, and EMT-P respectively. R.C. 4765.43 establishes the criteria for staffing an ambulance equipped for emergency medical care. The exact nature of the inter-facility patient transports provided by Galion is unclear from the record. Specifically, this Court is unable to determine whether the vehicle used for the transports qualifies as an ambulance, what kind of personnel were involved with the transports, and what kind of functions the personnel on the transports were performing during the transports. Thus, a material issue of fact remains regarding whether the inter-facility patient transports provided by Galion involved an emergency medical technician performing an act described in R.C. 4765.37,4765.38, and 4765.39. Furthermore, a material issue of fact also remains concerning the character of the transports and whether such transports required an emergency medical technician pursuant to R.C. 4765.43. Accordingly, summary judgment was inappropriate, and Mansfield Ambulance's first assignment of error is sustained.
 Assignment of Error II {¶ 18} In its second assignment of error, Mansfield Ambulance maintains that the trial court erred in not finding that Galion had breached the contract by providing inter-facility patient transports. This argument is contingent upon a finding that such transports are emergency medical services. As discussed in our review of the first assignment of error, a material issue of fact remains concerning whether the inter-facility patient transports provided by Galion were emergency medical services. As such, the second assignment of error has been rendered moot and will not be considered at this time by this Court. See, App .R. 12(A)(1)(c).
 {¶ 19} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Bryant and Shaw, JJ., concur.