[Cite as *Huttenbauer Land Co., L.L.C. v. Harley Riley, Ltd.*, 2012-Ohio-4585.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HUTTENBAUER LAND COMPANY, LLC, | : | APPEAL NO. C-110842<br>TRIAL NO. A-1005141 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| HARLEY RILEY, LTD., | : | |
| and | : | |
| | : | |
| KENNETH R. RILEY, | : | |
| Defendants-Appellees. | : | |
| | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  October 5, 2012

*Dinsmore & Shohl LLP* and *James A. Comodeca*, for Plaintiff-Appellant,

*Thomas W. Kidd, Jr.*, for Defendants-Appellees.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1}    Plaintiff-appellant    Huttenbauer    Land    Company,    LLC,
("Huttenbauer") has appealed from the trial court's entry, following a bench trial,
that dismissed its complaint against defendants-appellees Harley Riley, Ltd., and
Kenneth R. Riley.   Because we find that the trial court erred in dismissing
Huttenbauer's claim for breach of contract, we reverse its judgment with respect to
that claim.  The judgment of the trial court is otherwise affirmed.

### *Factual Background*

{¶2}    Huttenbauer  owned  the  Greenhills  Shopping  Center.    Riley's
Restaurant, a restaurant and catering business run by Ken Riley, was a longtime
tenant of the shopping center.  In September of 2007, Ken Riley and Huttenbauer
negotiated  a  new  retail  lease  agreement.    The  agreement  was  executed  by
Huttenbauer and Harley Riley, Ltd.  Harley Riley, Ltd. was an entity formed for the
purpose of entering into the lease agreement, and its sole member was Ken Riley.

{¶3}    After executing this lease, Ken Riley signed the lease and control of the
restaurant over to a third party, Wink Ventures, LLC.  Wink Ventures ran the
restaurant for several years.  Per the agreement between these parties, Wink
Ventures paid rent to Ken Riley, who then made rental payments to Huttenbauer.
For reasons unrelated to this lawsuit, the relationship between Ken Riley and Wink
Ventures deteriorated.  Wink Ventures withheld rental payments from Riley, who in
turn failed to pay Huttenbauer the rent due under the lease.  In February of 2010,
Ken Riley, without notice to Huttenbauer, retook control of the restaurant, closed it,
and changed the locks.  The restaurant has not reopened in that location.

{¶4} Huttenbauer filed suit against Harley Riley, Ltd., and Ken Riley, raising claims for breach of contract, intentional and negligent property damage, conversion, tortious interference, fraudulent inducement, and negligent misrepresentation. Harley Riley, Ltd., and Ken Riley filed several counterclaims against Huttenbauer, including a counterclaim for breach of contract. Following a bench trial, the trial court found that Huttenbauer had failed to establish any claim for relief and it dismissed Huttenbauer's complaint. The court further found that Harley Riley, Ltd., and Ken Riley had failed to establish damages, and it likewise dismissed the defendants' counterclaims.

{¶5} Huttenbauer has appealed from the trial court's dismissal of its complaint. In three assignments of error, Huttenbauer argues that the trial court erred in failing to apply the clear and unambiguous terms of the lease, that the trial court erred in finding that it had not established a claim for relief, and that the court erred by refusing to pierce the corporate veil of Harley Riley, Ltd., and hold Ken Riley personally liable on the lease.

{¶6} The interpretation of a written contract is an issue of law that this court reviews de novo. *Warmack v. Arnold*, 195 Ohio App.3d 760, 2011-Ohio-5463, 961 N.E.2d 1165, ¶ 25 (1st Dist.). The contract must be construed so as to give effect to the intent of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). When the contract language is clear and unambiguous, the plain language of the contract will govern the parties' dispute. *Jag Imperial, LLC v. Literski*, 1st Dist. No. C-110760, 2012-Ohio-2863, ¶ 11.

### Breach of Contract

{¶7}   We consider Huttenbauer's first and second assignments of error together, as each assignment in effect argues that the trial court erred in interpreting the lease with respect to Huttenbauer's claim for breach of contract and in dismissing that claim.

{¶8}   To succeed on a breach of contract claim, a plaintiff must demonstrate the existence of a contract, performance by the plaintiff, a breach by the defendant, and resulting damages.  *Brunsman v. W. Hills Country Club*, 151 Ohio App.3d 718, 2003-Ohio-891, 785 N.E.2d 794, ¶ 11 (1st Dist.).  The contract at issue in this claim is the lease executed by the parties.

{¶9}   At trial, Huttenbauer argued that Harley Riley, Ltd., had breached the lease agreement by closing the restaurant, by vacating the premises, and by failing to pay rent.  The trial court found that, although Harley Riley, Ltd., had committed these acts, they did not constitute an act of default under the lease because they were excused by Huttenbauer's own commission of several material breaches of the lease.  But in concluding that Harley Riley, Ltd.'s, actions were not a default or breach, the trial court ignored the plain language of the parties' lease.

{¶10}   Article 19.13 of the lease provides that "[i]n the event of any default by Landlord, Tenant will give Landlord written notice specifying such default with particularity, and Landlord shall have thirty days * * * in which to cure any such default."  Per the plain and unambiguous language of the lease, Harley Riley, Ltd., was required to notify Huttenbauer in writing of any default that Harley Riley, Ltd., believed had been committed.  At trial, Harley Riley, Ltd., argued that Huttenbauer had committed various defaults under the lease.  And the trial court found that

4

Huttenbauer had defaulted by failing to maintain the premises as required, by failing to provide a statement of common area costs, and by failing to install a separate water meter as required by the lease. The trial court further found that Huttenbauer's default excused Harley Riley, Ltd.'s, performance under the lease.

{¶11} But the record is clear that Huttenbauer never received written notice of default at any time prior to Harley Riley, Ltd.'s, closure of the restaurant and vacation of the premises. Ken Riley conceded during trial that no such notification had been sent to Huttenbauer. Because the lease provides that Huttenbauer is entitled to notice and an opportunity to cure an alleged default, and because such notice and opportunity were not provided in this case, Huttenbauer's default did not result in a breach of the lease and its actions could not have served as a basis to excuse Harley Riley, Ltd.'s, performance under the lease.

{¶12} Article 19.01 of the lease provides that the following are acts of default by the tenant under the lease: "[t]he failure to pay rent or any other amount payable within ten (10) days after such payment is first due and payable"; "[t]he vacating of any portion of the Premises"; and "[c]losure of tenant's business for any reason (other than because of casualty loss or condemnation or as otherwise permitted herein)." The trial court found that Harley Riley, Ltd., had closed the restaurant and vacated the premises, and these findings were supported by the record. In light of our determination that Huttenbauer's default did not excuse Harley Riley, Ltd.'s, performance, we hold that the trial court's conclusion that Harley Riley, Ltd., had not committed a default under the lease was erroneous.

{¶13} Because Huttenbauer established the existence of a contract, its own performance, and a breach by Harley Riley, Ltd., and presented evidence of damages,

we hold that the trial court erred in dismissing Huttenbauer's claim for breach of contract. The trial court must now determine the extent of damages suffered by Huttenbauer as a result of Harley Riley, Ltd.'s, breach. The first and second assignments of error are sustained.

### *Piercing the Corporate Veil*

{¶14} In its third assignment of error, Huttenbauer argues that the trial court erred by refusing to pierce the corporate veil of Harley Riley, Ltd., to hold Ken Riley personally liable for Harley Riley, Ltd.'s, actions.

{¶15} Harley Riley, Ltd., is a limited liability company. Pursuant to R.C. 1705.48(B),

> [n]either the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member or manager of the limited liability company.

Members of a limited liability company may only be reached individually if the plaintiff demonstrates that the behavior of the members merits disregarding, or piercing, the entity's limited liability structure. What is referred to as the corporate veil may be pierced when:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act

against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Co. Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993), paragraph three of the syllabus.

{¶16} The Ohio Supreme Court clarified the second prong of this analysis. It held that to establish this prong a plaintiff must demonstrate that the individual defendant exercised his or her control over the corporation to commit fraud, an illegal act, or a similarly unlawful act. *Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 29. The court further emphasized that this "limited expansion" should be applied cautiously, and that the corporate veil should only be pierced in cases of extreme misconduct. *Id.*

{¶17} The parties' lease did not contain a personal guarantee from Ken Riley making him personally liable for Harley Riley, Ltd.'s, obligations under the lease. Nor can Huttenbauer satisfy the second prong of the test to warrant piercing the corporate veil of Harley Riley, Ltd. Ken Riley is the sole member of Harley Riley, Ltd., and he had sole control over the entity, to the extent that Harley Riley, Ltd., had no separate existence of its own. But Ken Riley's control over Harley Riley, Ltd., was not exercised to commit a fraud or an illegal or unlawful act. Harley Riley, Ltd.'s, actions resulted in a breach of the parties' lease, but no act of extreme misconduct took place in this case.

{¶18} The trial court correctly determined that the corporate veil of Harley Riley, Ltd., could not be pierced. The third assignment of error is overruled.

### *Conclusion*

**{¶19}** The trial court erred in dismissing Huttenbauer's claim for breach of contract. This cause is remanded for the trial court to determine the extent of the damages incurred by Huttenbauer on this claim. The trial court's judgment dismissing Huttenbauer's remaining claims, dismissing the counterclaims, and holding that the corporate veil of Harley Riley, Ltd., could not be pierced is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.