[Cite as *He v. Half Price Heating & Air*, 2021-Ohio-1599.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| QIMING HE, | : | APPEAL NO. C-200312 |
| | | TRIAL NO. 20CV-02348 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| HALF PRICE HEATING & AIR, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 7, 2021

*Qiming He*, pro se.

**MYERS, Presiding Judge.**

{¶1}   Plaintiff-appellant Qiming He appeals the judgment of the Hamilton County Municipal Court in favor of defendant-appellee Half Price Heating & Air ("Half Price") on his complaint for breach of a contract to install a furnace.  For the reasons set forth below, we affirm the trial court's judgment.

{¶2}   On November 4, 2017, Mr. He and Half Price entered into a written contract for the installation of an 80,000-BTU Goodman gas furnace in a home owned by Mr. He, and for two years of service.  The contract indicated that Mr. He paid $1,900 in cash.

{¶3}   On January 27, 2020, Mr. He brought a breach-of-contract action against David Baker, the owner of Half Price, seeking $2,154 in damages.  Mr. He alleged that Mr. Baker installed a "cheaper furnace" than that called for in the contract.   Mr. Baker filed a counterclaim seeking damages of $1,040 for "unnecessary service calls, work not paid for," and alleging that the "furnace was always operating."  Mr. He later filed an amended complaint to substitute Half Price Heating & Air as the defendant and to increase his claim for damages, and Mr. Baker amended the counterclaim to reflect the change in party.

{¶4}   Following a bench trial, the magistrate granted judgment in favor of Half Price on Mr. He's claim, finding that he failed to prove that the company breached the contract by installing the wrong furnace.  In addition, the magistrate found in favor of Mr. He on the counterclaim.  After overruling Mr. He's objections, the trial court adopted the magistrate's decision.  Mr. He now appeals.  Half Price did not file a brief or appear in this court.

{¶5} In a single assignment of error, Mr. He argues that the trial court erred by entering judgment in favor of Half Price on his breach-of-contract claim. He asserts that testimony established that Half Price installed a GMC furnace, rather than a Goodman furnace as called for by their contract.

{¶6} To prevail on a breach-of-contract claim, the plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *White v. Pitman*, 2020-Ohio-3957, 156 N.E.3d 1026, ¶ 37 (1st Dist.). The interpretation of a written contract is a question of law that we review de novo, but where, as here, the appellant also challenges the trial court's factual findings (that the furnace was not a Goodman furnace), we review the trial court's ruling under a manifest-weight-of-the-evidence standard. *Hyde Park Circle, L.L.C. v. Cincinnati*, 2016-Ohio-3130, 66 N.E.3d 99, ¶ 15 (1st Dist.).

{¶7} We must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that its judgment must be reversed and a new trial ordered. *William Powell Co. v. OneBeacon Ins. Co.*, 2020-Ohio-5325, 162 N.E.3d 927, ¶ 47 (1st Dist.), citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20. In weighing the evidence, we "must always be mindful of the presumption in favor of the finder of fact." *Eastley* at ¶ 21. In an appeal from a bench trial, we must presume that the trial court's factual findings are correct because the trial court had the opportunity to view the witnesses and observe their demeanor. *Jindal Builders & Restoration Corp. v. Cincinnati Metro. Hous. Auth.*, 2020-Ohio-4043, 157 N.E.2d 279, ¶ 13 (1st Dist.).

{¶8} Here, the contract was clear and unambiguous and required installation of a Goodman furnace. If a Goodman furnace was not installed, Half Price would be in breach. The magistrate found that a Goodman furnace was installed, based on the testimony. We now review that finding under the standards above.

{¶9} At trial, Mr. He testified that Half Price did not install a Goodman furnace as called for in the contract. Mr. He introduced into evidence the parties' contract and a photograph of the installed furnace, which had a "GMC" label on it. Mr. He submitted receipts from two heating-and-air contractors for maintenance on the installed furnace. One of the receipts identified the make of the furnace as "GMC," and the other receipt identified the make of the furnace as "Goodman/GMC." Mr. He introduced no additional testimony.

{¶10} Mr. Baker testified that he installed a Goodman furnace. According to Mr. Baker, Mr. He believed the furnace was not a Goodman furnace because of the "GMC" label: "[I]t says GMC, he thinks it's not a Goodman furnace, and it is." When the magistrate asked Mr. Baker why the label would say "GMC" on it, Mr. Baker replied, "Because GMC stands for Goodman Manufacturing Corporation. * * * It's just a different model of the furnace." Mr. Baker introduced into evidence documentation supporting his testimony that the installed furnace, although labeled "GMC," was a Goodman furnace. This evidence included a receipt for Half Price's purchase of the 80,000-BTU GMC furnace model, as well as both a product manual and a warranty from Goodman Manufacturing Company for that same GMC furnace model. The warranty contained the statement: "This warranty is provided to you by

4

Goodman Manufacturing Company, L.P., ("Goodman"), which warrants all parts of this heating or air conditioning unit, as described below."

{¶11} Mr. He produced no evidence to establish that Goodman Manufacturing Company (GMC) was not the same company as Goodman. The trial court was entitled to believe Mr. Baker's testimony and evidence regarding Half Price's installation of a Goodman furnace as called for by the parties' contract. The court's conclusion that Mr. He failed to prove that Half Price breached the contract by installing the wrong furnace is supported by the record. Therefore, we hold that the trial court did not err by entering judgment in favor of Half Price on Mr. He's claim. We overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.