[Cite as *Washington v. Am. Gen. Life Ins. Co.*, 2022-Ohio-339.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| NAOMI WASHINGTON, | : | APPEAL NO. C-210206 |
| | | TRIAL NO. 20CV-00796 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| AMERICAN GENERAL LIFE INS. CO., | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 7, 2022

*Naomi Washington,* pro se,

*Vorys Sater Seymour and Pease LLP* and *Emily E. St. Cyr,* for Defendant-Appellee.

**BERGERON, Presiding Judge.**

{¶1} In this life insurance dispute, the trial found that defendant-appellee American General Life Insurance Company ("AGL") breached plaintiff-appellant Naomi Washington's whole life insurance policy by incorrectly informing her that her policy lapsed. After AGL's breach, it eventually remedied the problem by fully reinstating Ms. Washington's policy. As a result, when Ms. Washington sued, the trial court granted judgment to AGL, reasoning that she suffered no damages by virtue of the reinstatement—in other words, by reinstating the policy, AGL placed Ms. Washington in the same position as if no breach occurred. Ms. Washington now appeals, raising two assignments of error challenging the trial court's judgment. We overrule each of her assignments of error, and affirm the judgment of the trial court.

I.

{¶2} In January 2000, Ms. Washington purchased a whole life insurance policy from AGL. The policy has a $10,000 face value, and it obligates her to pay monthly premiums of $41.59 for 20 years.

{¶3} Failure to make timely payments (i.e., payments within 31-days after the nineteenth day of each month) causes the policy to lapse. Upon lapse, the policy affords Ms. Washington three options: (1) she can apply for reinstatement,[1] (2) she can receive the cash surrender value of the policy,[2] or (3) she can continue the policy as either extended term insurance or reduced paid-up insurance.

---

[1] The policy provides five years from the date of lapse to apply for reinstatement. To be eligible for reinstatement, Ms. Washington must present (1) evidence of insurability, (2) pay any unpaid premiums, and (3) pay or reinstate any existing loan balance. AGL claims that Ms. Washington amassed a loan balance of more than $3,000, but Ms. Washington denies that she ever took out any loans against the policy. She claims that she attempted to take out loans against the policy, but such requests were denied. We take no position on the amount or existence of any loans, as that matter was not fully litigated below.

[2] Cash surrender is only available if the net cash value of the policy is positive (net of any loans).

{¶4} From 2000 until 2016, Ms. Washington made regular premium payments, although she admits that sometimes her payments slid past the due date. Things changed in April 2016, after Ms. Washington received a letter explaining that the policy had lapsed because AGL did not receive a premium payment due in February 2016. To the contrary, a receipt shows that Ms. Washington paid the February premium within the 31-days of the monthly due date. This letter precipitated over three years of back-and-forth between Ms. Washington and AGL over the fate of the policy.

{¶5} After receiving this letter, Ms. Washington initially sought advice from the Ohio Department of Insurance ("ODI"). ODI recognized that AGL failed to credit her payment towards the policy, but it advised her to continue making payments. Ms. Washington's transaction history shows that she made some payments after receiving the letter, but she concedes that she did not remain current with premium payments after April 2016.

{¶6} In the intervening years, Ms. Washington hired an attorney, who engaged in discussions with AGL in an effort to resolve this matter. Finally, in June 2019, AGL sent Ms. Washington's attorney a letter in which AGL acknowledged that it discovered one instance where it failed to credit Ms. Washington's payment towards the policy. To rectify this mistake, AGL fully reinstated the policy, credited it with the amount necessary to bring the policy current to a due date, and waived interest on her loan balance for 2017, 2018, and 2019. As of July 2019, therefore, Ms. Washington stood just a few months away from satisfying her 20-year obligation to pay premiums. After AGL reinstated the policy, however, Ms. Washington made no further payments.

{¶7} In January 2020, Ms. Washington filed a suit against AGL in small claims court, claiming that AGL breached the life insurance policy by failing to credit her payments

towards the policy. Ms. Washington introduced receipts and money orders showing that payments were sent to AGL, but not credited towards the policy. She requested $6,000 for the cost of replacing the life insurance policy, claiming that replacement insurance will cost her $58.33 per month or $700 annually, which exceeds the policy with AGL by $16.74 per month or $200 annually.

{¶8}    Although the magistrate found that AGL failed to accurately credit Ms. Washington's payments, she ultimately concluded that Ms. Washington suffered no damages because AGL fully reinstated the policy in June 2019. Based on that premise, the magistrate granted judgment to AGL.

{¶9}    Ms. Washington timely objected to the magistrate's decision, but the trial court overruled those objections and adopted the magistrate's decision. Ms. Washington now appeals pro se, raising two assignments of error. First, she claims the trial court failed to admit evidence in connection with her proposed findings of fact and conclusions of law. Second, she challenges the trial court's finding that she suffered no damages.

II.

{¶10} Ms. Washington's first assignment of error is not developed consistent with App.R. 16(A)(7). As far as we can tell, she argues that the trial court failed to admit evidence in connection with her proposed findings of fact and conclusions of law.

{¶11} We see nothing in her argument that establishes an error by the trial court here. Ms. Washington's proposed findings of fact and conclusions of law are in the record that was transmitted to this court. The filing was not deemed untimely, and is listed in the trial court's docket. As we review the record, there was no evidence attached to the filing, or arguments made within the filing, that the trial court refused to consider. Ms. Washington

has not established any prejudicial error here. We, therefore, overrule her first assignment of error.

III.

**{¶12}** Ms. Washington's second assignment of error challenges the magistrate's determination that she suffered no damages because of AGL's breach.

**{¶13}** "A party claiming breach of contract has a duty to prove its damages by a preponderance of the evidence." *Richardson v. Campbell*, 1st Dist. Hamilton No. C-140692, 2015-Ohio-2770, ¶ 7. Although the interpretation of a written contract poses a question of law that we review de novo, where the appellant challenges the trial court's factual findings, we apply a manifest-weight-of-the-evidence standard. *Qiming He v. Half Price Heating & Air*, 1st Dist. Hamilton No. C-200312, 2021-Ohio-1599, ¶ 6. Under this standard of review, we "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that its judgment must be reversed and a new trial ordered." *Id.* at ¶ 7. "In weighing the evidence, we 'must always be mindful of the presumption in favor of the finder of fact.' " *Id.*, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21.

**{¶14}** The magistrate found that Ms. Washington incurred no damages because AGL reinstated the policy after its initial breach. The magistrate apparently determined that, after AGL reinstated the policy, Ms. Washington had an obligation to mitigate damages by resuming monthly premium payments. *See United States Fire Ins. v. Am. Bonding Co.*, 1st Dist. Hamilton Nos. C-160307 and C-160317, 2016-Ohio-7968, ¶ 24 ("Generally, the injured party in a breach-of-contract action has a duty to mitigate damages, meaning that the injured party * * * cannot recover damages that it could have prevented by reasonable

5

affirmative action."). It follows that Ms. Washington cannot recover the cost of replacement insurance because she should have mitigated those costs by resuming her arrangement with AGL, particularly given that the policy sat only a few months away from being fully paid up. To illustrate the point, Ms. Washington only had to pay a few more months of $41.59 in June of 2019 to fully pay up the policy. Given that minimal (relatively speaking) obligation, it would not make sense to award her $6,000 to purchase a replacement policy.

{¶15} Ms. Washington does not dispute that the reinstatement of the policy would create an obligation to resume payments. Instead, she seems to believe that AGL never reinstated the policy at all.

{¶16} The magistrate relied on AGL's exhibit 7 to conclude that AGL fully reinstated the policy in June 2019. Exhibit 7 is a letter addressed to Ms. Washington's attorney concerning the status of the policy. The letter reads "the Company has reinstated policy 0125074688 and credited it with the amount necessary to bring the policy to a due date of July 19, 2019." A plain reading of this letter reveals that it effectuates a reinstatement of the policy, a point that AGL acknowledges in this appeal. Nor do we see anything in the record that would contradict the fact of reinstatement.

{¶17} It is possible that Ms. Washington did not fully appreciate the effect of the reinstatement, but the policy language we referenced above gives her certain rights in that scenario, and the trial court did nothing to deprive her of those rights.

{¶18} In light of the undisputed reinstatement letter, and the presumption in favor of the fact finder, we hold that the trial court did not err by determining that AGL reinstated the policy and that Ms. Washington suffered no damages. Accordingly, we overrule Ms. Washington's second assignment of error.

*       *       *

6

**{¶19}** For the foregoing reasons, we overrule both of Ms. Washington's assignments of error, and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.