[Cite as *Toelke v. Williams*, 2025-Ohio-5032.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CONSTANCE TOELKE, | : | APPEAL NO. C-250005 |
| | | TRIAL NO. A-2304565 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CURTIS DEANDRA WILLIAMS, | : | *JUDGMENT ENTRY* |
| and | : | |
| LEKALA STARR, | : | |
| Defendants-Appellants. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/5/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Toelke v. Williams*, 2025-Ohio-5032.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| CONSTANCE TOELKE, | : | APPEAL NO. | C-250005 |
| | | TRIAL NO. | A-2304565 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| CURTIS DEANDRA WILLIAMS, | : | *O P I N I O N* | |
| and | : | | |
| LEKALA STARR, | : | | |
| Defendants-Appellants. | : | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 5, 2025

*Cors & Bassett, LLC,* and *Michael L. Gay,* for Plaintiff-Appellee,

*Jackson Law Office, LLC,* and *Kory A. Jackson*, for Defendants-Appellants.

**NESTOR, Judge.**

{¶1}   Plaintiff-appellee Constance Toelke agreed to lease her home to defendants-appellants Curtis Williams and Lekala Starr.  In exchange, Toelke would receive rental payments and stay in the couple's apartment.  The couple, Starr and Williams, did not make any rental payments to Toelke.  Despite this, the parties entered into a land contract for the sale of Toelke's house after Starr and Williams had resided there for six months.  Under the land contract, Starr and Williams were to pay $10,000 to Toelke at the time of execution and $540 every month until the contract price was satisfied.  They failed to do so.  Starr and Williams lived there for over four years before Toelke brought a breach of contract claim to evict them.  The trial court found in Toelke's favor and evicted Starr and Williams.  Starr and Williams now appeal, asserting one assignment of error.

{¶2}   We hold that the trial court did not err in finding that Starr and Williams breached the land contract.  We therefore overrule their assignment of error.

## *I.  Factual and Procedural History*

{¶3}   In March of 2019, Toelke rented her house to Starr and Williams for $1,200 a month.  The idea behind the swap was that the rental payments from Starr and Williams would allow Toelke to make the $540 monthly mortgage payment on her house while the couple lived there.  While she lived in their apartment, she was to pay $400 in rent to Starr and Williams.  There is conflicting testimony as to what payments, if any, Starr and Williams made under the lease agreement.

{¶4}   After the parties swapped homes, Starr and Williams decided to buy the house from Toelke.  In the fall of 2019, Williams created a land contract using an online legal service.  Under the contract, Starr and Williams were to pay $89,000 for the house, which included "$10,000 upon execution of this Agreement."  After that, Starr

and Williams were to pay "monthly installments of $540." In the event of the couple's default, the land contract provided Toelke with the ability to terminate the agreement, have Starr and Williams vacate the property, and retain any payments.

{¶5} Starr and Williams never paid Toelke the $10,000 due upon execution. Williams testified that he initially paid Toelke $540 monthly as required by the agreement. However, after Toelke failed to use that money to pay the mortgage, Williams stopped paying Toelke and instead paid the mortgage directly.

{¶6} In 2021, Williams created a deed using RocketLawyer.com. The deed contained an affidavit signed by Toelke, which stated she sold her home to Starr and Williams "for assumption of the property loan with Cenlar and 15,000." Williams never assumed the mortgage, but Toelke did provide him with information to pay the mortgage.

{¶7} In the fall of 2023, Toelke filed a complaint in the court of common pleas asking the court to find that Starr and Williams had defaulted under the terms of the land contract. Toelke alleged that because of the default, Starr and Williams must vacate the property as required by contract.

{¶8} In October of 2024 the case proceeded to a bench trial. Toelke's counsel asked Williams if he paid Toelke the initial $10,000 payment. He responded that he paid Toelke in multiple, different ways including agreeing to move, allowing her to stay in his home, paying her water bill, paying for storage, and so on. He explained that he did not give her $10,000, but "it was other ways that [he] took care of these payments." The court asked Williams to produce receipts or checks to prove his payments, but Williams stated, "because her account was in the negative . . . she always wanted it in cash."

{¶9} The trial court found that the couple did not make any rental payments

under the lease agreement. Additionally, the court found that despite the land contract not complying with certain statutory provisions, it was enforceable. Further, the court found that Starr and Williams never paid Toelke the $10,000 down payment required by the land contract. Ultimately, the judge found Starr and Williams breached the contract by failing to pay $10,000 to Toelke. The trial court ordered the couple to vacate the house by December 31, 2024. Starr and Williams now appeal, asserting one assignment of error.

## II. Analysis

{¶10} In their sole assignment of error, Starr and Williams argue that the trial court's decision ordering them to vacate the property was against the manifest weight of the evidence. Where an appellant challenges the trial court's factual findings following a trial, appellate courts review the trial court's decision under a manifest-weight standard of review. *Qiming He v. Half Price Heating & Air*, 2021-Ohio-1599, ¶ 6 (1st Dist.), citing *Hyde Park Circle, L.L.C. v. Cincinnati*, 2016-Ohio-3130, ¶ 15 (1st Dist.). The ultimate question in a manifest-weight analysis is whether, after weighing all evidence and assessing the credibility of evidence and witnesses, the trial court clearly lost its way. *Id.* at ¶ 7, citing *William Powell Co. v. OneBeacon Ins. Co.*, 2020-Ohio-5325, ¶ 47 (1st Dist.). In assessing whether a trial court's judgment is against the manifest weight of the evidence, we consider whether the greater amount of credible evidence supported the judgment, and whether the plaintiff met its burden of persuasion by a preponderance of the evidence. *Hyde Park Circle* at ¶ 15.

{¶11} In reviewing a civil case under the manifest-weight standard of review, we presume the correctness of a trial court's findings of fact, given that the trial court had the opportunity to observe the witnesses and assess their credibility. *Qiming He* at ¶ 7. Moreover, in this posture, "every reasonable intendment and every reasonable

presumption must be made in favor of the judgment and the finding of facts." *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Where the evidence is capable of more than one interpretation, a reviewing court applying manifest-weight review to a civil judgment must apply the interpretation that is consistent with the verdict and the judgment. *Id.*

**{¶12}** For Toelke to succeed on her breach of contract claim, she must have demonstrated "the existence of a contract, performance by [her], a breach by the defendant[s], and resulting damages." *Huttenbauer Land Co., LLC v. Harley Riley, Ltd.*, 2012-Ohio-4585, ¶ 8 (1st Dist.).

**{¶13}** All parties agree that the land contract exists and is enforceable. Though the court found the contract to be statutorily deficient, "the court nevertheless [found] that the parties entered into a contract for the sale of the subject property." Toelke upheld her side of the agreement by allowing Starr and Williams to live in her house. Starr and Williams argue that they paid adequate consideration because they provided Toelke with food, they made improvements to the property, and they made payments on the property. However, during trial, the court requested Starr and Williams produce receipts of any payments, and the only evidence of payment produced was an unsigned check made out to Toelke for $900. Further, Williams testified that the couple did not pay $10,000 after closing as required by the agreement. In light of the evidence presented at trial, we cannot say that the trial court's findings are not supported in the record. Because they did not pay the $10,000, Starr and Williams breached the contract. Toelke persuasively met each element of her claim.

**{¶14}** As such, the trial court's judgment was not contrary to the manifest weight of the evidence. We overrule the defendants-appellants' assignment of error.

### III. Conclusion

**{¶15}** Because we overrule the defendants-appellants' assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.